UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA C. REED,<br><br>   Plaintiff,<br><br>v.<br><br>WILMINGTON TRUST, N.A., et al.,<br><br>   Defendants. | Case No. 16-cv-01933-JSW<br><br>**NOTICE OF QUESTIONS FOR HEARING ON APPLICATION FOR A TEMPORARY RESTRAINIG ORDER**<br><br>Re: Docket No. 11 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON May 4, 2016, AT 10:00 a.m.:

The Court has reviewed the parties' briefs and, thus, does not wish to hear the parties reargue matters addressed in those briefs. Except as otherwise noted, the parties shall not file written responses to this Notice of Questions for hearing. If the parties intend to rely on legal authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies of those authorities available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with pin cites but without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

The Court suggests that associates or of counsel attorneys who are working on this case be permitted to address some or all of the Court's questions contained herein.

1.   Although Plaintiff briefly addresses the issue of irreparable harm, she does not address the issues of balance of the equities or the public interest. What is Plaintiffs' best

argument that these latter two factors weigh in her favor?  **Plaintiff shall address this question in the reply brief due on May 3, 2016, at 10:00 a.m.**  What is Defendants' best argument that Plaintiff has not met her burden to show irreparable harm, and that the latter two factors do not weigh in Plaintiffs' favor?

      2.     If the Court were to grant Plaintiff's application, what is her position on the amount of bond that should be imposed?  **Plaintiff shall address this question in the reply brief due on May 3, 2016 at 10:00 a.m.**

      3.     Defendants have filed a motion to dismiss that raises many of the same arguments that are raised in their opposition to Plaintiffs' application for a temporary restraining order, but they have not yet re-noticed that motion on this Court's calendar.  Would Defendants be willing to grant a postponement of the trustee's sale so that the Court could address the motion to dismiss before any such sale occurs?  The Court would be able to consider that motion on Friday, June 3, 2016 at 9:00 a.m., and it would require Plaintiff to file her opposition by May 13, 2016, and Defendant's reply would be due on May 20, 2016.  If the Court were able to resolve the motion without a hearing, it would notify the parties in advance of the hearing date.

**IT IS SO ORDERED.**

Dated:  May 2, 2016

_____
JEFFREY S. WHITE
United States District Judge