UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA C. REED,<br><br>          Plaintiff,<br><br>   v.<br><br>WILMINGTON TRUST, N.A., et al.,<br><br>          Defendants. | Case No. 16-cv-01933-JSW<br><br>**NOTICE OF TENTATIVE RULING AND QUESTIONS FOR HEARING ON MOTIONS TO DISMISS AND FOR A TEMPORARY RESTRAINIG ORDER**<br><br>Re: Docket Nos. 11, 24 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING TENTATIVE RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON June 3, 2016, AT 9:00 a.m.:

The Court has reviewed the parties' briefs and, thus, does not wish to hear the parties reargue matters addressed in those briefs. The parties shall not file written responses to this Notice of Questions for hearing. If the parties intend to rely on legal authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies of those authorities available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with pin cites but without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The Court suggests that associates or of counsel attorneys who are working on this case be permitted to address some or all of the Court's questions contained herein.

The Court **TENTATIVELY GRANTS** Defendants' motion to dismiss. The Court reserves ruling on whether leave to amend should be granted. The Court advises Defendants that

1    it is not persuaded by their arguments regarding tender or that Plaintiff has no standing to contest
2    the validity of the assignments. Defendants shall not reargue these issues at the hearing. The
3    Court advises Plaintiff that it has not been persuaded by her arguments that the foreclosure is
4    wrongful or that title has been slandered due to a gap in the chain of title, robo-signing, or a
5    wrongful substitution of trustee. To the extent she premises her RESPA claim on any of those
6    allegations, the Court also is not persuaded by those arguments. Plaintiff shall not reargue these
7    issues at the hearing.

8    The Court also is not persuaded that it should follow the ruling in *Glaski v. Bank of
9    America*, 218 Cal. App. 4th 1079 (2013), on the issue of whether the late assignment into the
10   ALRP 2014-2 Trust rendered it void, leaving the ALRP 2014-2 Trust without authority to
11   foreclose on Plaintiff's property. However, in order to assist the Court in determining whether it
12   should grant Plaintiff leave to amend her Complaint, Plaintiff shall be prepared to address the
13   following questions at the hearing:

14   1.    In her opposition to the motion to dismiss, Plaintiff argues that she "has not alleged
15   that the trust here was created under New York Trust Law as in *Glaski*." (Opp. Br. at 9:1-2.) To
16   the best of the Court's recollection, at the hearing on the motion for a temporary restraining order,
17   Plaintiff argued that she did not know whether the Pooling and Service Agreement for the 2014-2
18   Trust was governed by New York law. In her Verified Complaint, however, "Plaintiff alleges on
19   information and belief the ALRP 2014-2 Trust was formed under New York trust law, which
20   provides that any 'sale, conveyance or other act of the trustee in contravention of the trust … is
21   void.'" (Compl. ¶ 35 (emphasis added), quoting *Glaski*, 218 Cal. App. 4th at 1098.) Plaintiff filed
22   her complaint in state court, which permits pleading on information and belief of "any matters that
23   are not within [her] personal knowledge, if [she] has information leading [her] to believe that the
24   allegations are true." *Doe v. City of Los Angeles*, 42 Cal. 4th 531, 550 (2007) (internal quotations
25   and citation omitted).

26   a.    If Plaintiff does not know what law governs the Pooling and Service Agreement for
27   the 2014-2 Trust, what was the basis for alleging on information and belief that it was governed by
28   and formed under New York law?

2

1    b. What is Plaintiff's best argument that she could, without contradicting her
2 complaint and in compliance with her obligations under Federal Rule of Civil Procedure Rule 11,
3 amend her complaint to allege that the Pooling and Service Agreement for the 2014-2 was formed
4 under and governed by some other state law, and that the other state law would show that a late
5 assignment was void, rather than voidable?

6   2. The Court also is not persuaded that Plaintiff has stated a RESPA claim. What
7 facts, if any, could Plaintiff allege that would support a claim that one of the named Defendants
8 violated a specific provision of RESPA? Plaintiff shall be prepared to respond to this question by
9 citing to a particular provision of RESPA and the specific Defendant who allegedly violated the
10 provision.

12   **IT IS SO ORDERED.**
13 Dated: June 2, 2016

            _____
            JEFFREY S. WHITE
            United States District Judge