UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA C. REED,<br><br>    Plaintiff,<br><br>v.<br><br>WILMINGTON TRUST, N.A., et al.,<br><br>    Defendants. | Case No. 16-cv-01933-JSW<br><br>**ORDER GRANTING, IN PART, AND DENYING, IN PART, MOTION TO DISMISS AND DENYING AS MOOT MOTION FOR A TEMPORARY RESTRAINING ORDER**<br><br>Re: Docket Nos. 11, 24 |

Now before the Court for consideration is the motion to dismiss, filed by Defendants, and the motion for a temporary restraining order, filed by Plaintiff. The Court has considered the parties' papers, relevant legal authority, and the record in this case. On May 4, 2016, the Court heard oral argument on Plaintiff's motion for a temporary restraining order, and, with the agreement of the parties, it held that motion in abeyance pending the hearing on Defendants' motion to dismiss. On June 3, 2016, the Court heard oral argument on the Defendants' motion to dismiss. The Court GRANTS, IN PART, AND DENIES, IN PART, Defendants' motion to dismiss. For reasons set forth below, the Court DENIES Plaintiff leave to amend. As a result of this ruling, the Court DENIES AS MOOT Plaintiff's motion for a temporary restraining order.

**BACKGROUND**

On or about June 15, 2006, Plaintiff obtained a loan from Metrocities Mortgage LLC ("Metrocities"), in the amount of $640,000 for real property located at 840 Glen Drive, San Leandro. The loan was secured by a Deed of Trust, in which Metrocities is listed as the lender and Fidelity National Loan Portfolio Solutions ("Fidelity National") is identified as the trustee. Mortgage Electronic Registrations Systems, Inc. ("MERS") is identified as the beneficiary, as nominee for Metrocities. (Notice of Removal, Ex. A (Compl. ¶¶ 2, 7, 14, Ex. A (Adjustable Rate

1  Note), Ex. B (Deed of Trust).)

2        On April 29, 2011, Bud Kamyabi, who identified himself as an Assistant Secretary of
3  MERS, executed an assignment of the Deed of Trust from Metrocities to BAC Home Loans
4  Servicing, LP f/k/a Countrywide Home Loans Servicing L.P. ("BAC").  (Compl. ¶ 17, Ex. D.)
5  Plaintiff alleges that Mr. Kamyabi is a "robo-signer," and that this assignment is "void and breaks
6  the chain of title."  (Compl. ¶ 17.)  In support of that allegation, Plaintiff attached a Property
7  Securitization Report prepared by Robert K. Ramers.  (Compl. Ex. C ("Property Report").)  Mr.
8  Ramers states that "[t]here is a strong possibility that [Mr. Kamyabi] was a robo-signer."  That
9  statement is based on a document that includes Mr. Kamyabi's name on an article that suggests he
10 was a robo-signer for BAC and was not a MERS employee.  (Property Report at pp. 16-17.)

11       On February 7, 2012, Bank of America, N.A. ("BofA"), as successor by merger to BAC,
12 executed a substitution of trustee, whereby it substituted Recontrust Company, N.A ("Recontrust")
13 as trustee in favor of Fidelity National.  (*Id.*, ¶ 19, Ex. F.)  On May 7, 2014, BofA executed an
14 assignment of the Deed of Trust in favor of Christiana Trust, a division of Wilmington Savings
15 Fund Society FSB ("Christiana Trust"), in its capacity as trustee of ARLP Trust 3.  (*Id.* ¶ 18, Ex.
16 E.)

17       On March 16, 2015, Christiana Trust, in its capacity as Trustee of ALRP Trust 4, assigned
18 the Deed of Trust to Wilmington Trust, National Association in its capacity as trustee of ARLP
19 Securitization Trust, Series 2014-2 ("ALRP 2014-2 Trust").  This document was executed by
20 Ocwen Loan Servicing, LLC ("Ocwen"), acting as attorney in fact for Christiana Trust.  (*Id.* ¶ 21,
21 Ex. G.)  The record includes a notice dated October 5, 2012, from Ocwen to Plaintiff advising her
22 that it had taken over as servicer.  Plaintiff alleges that she did not receive notice at that time.  (*Id.*
23 ¶ 23, Ex. H at ECF pp. 40-45.)

24       Plaintiff alleges that the ARLP 2014-2 Trust closed on November 25, 2014.  (*Id.* ¶¶ 20,
25 35.)  According to Plaintiff, the assignment to the ARLP 2014-2 Trust is "void due to the fact that
26 the assignments were made to assignees not in their individual capacities but as trustees, and
27 because the trusts identified in" the assignments are not the same.  (*Id.* ¶ 21; *see also id.* ¶¶ 22.b,
28

36.)[1] That is, Plaintiff alleges that there is no record of an assignment from ARLP Trust 3 to ALRP Trust 4 and, thus, the beneficial interest in the Deed of Trust was not validly transferred to the ARLP 2014-2 Trust. (*Id.* ¶¶ 21-22.b.)

At some unspecified point, Plaintiff defaulted on the loan. On October 1, 2015, Western Progressive, LLC ("Western Progressive"), as Trustee, recorded a Notice of Default. (*Id.* ¶ 24, Ex. I.) Plaintiff alleges that the Notice of Default is not valid, because there is no record of Western Progressive having been substituted as Trustee in favor of Recontrust.

On or around March 1, 2016, Western Progressive recorded a Notice of Trustee's Sale, which was originally scheduled for April 4, 2016. (*Id.* ¶ 26, Ex. J.)

On March 18, 2016, Plaintiff filed her Complaint in the Superior Court of the State of California, County of Alameda. Plaintiff asserts three claims for relief: (1) wrongful foreclosure; (2) slander of title; and (3) a violation of the Real Estate Settlement Procedures Act ("RESPA"). On March 24, 2016, the state court granted Plaintiff's application for a temporary restraining order and enjoined Defendants from completing foreclosure until April 29, 2016. (Notice of Removal, Ex. B.)

At the hearing on Plaintiff's motion for a temporary restraining order, Defendants agreed to postpone the sale until June 6, 2016.

**ANALYSIS**

**A.    Applicable Legal Standard for Motion to Dismiss.**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the complaint fails to state a claim upon which relief can be granted. The Court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Even under the liberal pleadings standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and

---

[1] There are two paragraphs numbered "22" in the Complaint. To ensure the record is clear, the Court shall refer to the first paragraph as paragraph 22.a and the second as paragraph 22.b.

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

As a general rule, "a district court may not consider material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled on other grounds, Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (citation omitted). However, documents subject to judicial notice may be considered on a motion to dismiss. In doing so, the Court does not convert a motion to dismiss to one for summary judgment. *See Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991). For example, the Court can take judicial notice of the existence of public records or court documents, but it may not take judicial notice of disputed facts in those documents. *See, e.g., Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001); *Hotel Employees and Restaurant Employees Local 2 v. Vista Inn Management Co.*, 393 F. Supp. 2d 972, 978 (N.D. Cal. 2005); Fed. R. Evid. 201. In addition, the incorporation by reference doctrine "permits a district court to consider documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *In re Silicon Graphics Inc. Sec. Litig.,* 183 F.3d 970, 986 (9th Cir. 1999) (internal quotations and citation omitted); *see also Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).

If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g. Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

**B.     The Court Grants Defendants' Motion to Dismiss.**

    **1.     Wrongful Foreclosure.**

In order to state a claim for wrongful foreclosure Plaintiff must allege that "(1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) she was prejudiced or harmed; and (3) she tendered the amount of the secured indebtedness or was excused from tendering."[2] *Simmons v. Aurora Bank FSB*, No. 13-cv-00482-HRL, 2016 WL 192571, at *7 (N.D. Cal. Jan. 15, 2016) (citing *Lona v. Citibank, N.A.*, 202 Cal. App. 4th 89, 104 (2011)).  In the context of non-judicial foreclosure proceedings, "only the current beneficiary" of a deed of trust "may direct the trustee to undertake the nonjudicial foreclosure process."  *Yvanova v. New Century Mortgage*, 62 Cal. 4th 919, 927-28 (2016).  "A foreclosure initiated by one with no authority to do so is wrongful for purposes of" a wrongful foreclosure action.  *Id.* at 929.

        **a.     Late Assignment in Violation of Pooling and Service Agreement.**

Plaintiff's primary theory of liability on the wrongful foreclosure claim is that the assignment of her loan to the ARLP 2014-2 Trust occurred after closing date set forth in the Pooling and Servicing Agreement ("PSA").  Plaintiff alleges "upon information and belief the ARLP 2014-2 Trust was formed under New York trust law." (Compl. ¶ 35.)  Plaintiff further alleges that the attempt to transfer the interest in her Deed of Trust after the closing date "was in contravention of the express terms of the Trust and, as such, was void." (*Id.* ¶ 36.)  In support of this theory of liability, Plaintiff relies on *Yvanova* and *Glaski v. Bank of America*, 218 Cal. App. 4th 1079 (2013).[3]

---

[2] Defendants argue that Plaintiff fails to state a claim, because she fails to allege she can tender the amount due.  The Court finds that Plaintiff has alleged facts showing that tender should be excused, because the foreclosure sale has not yet occurred.  *See Chavez v. IndiMac Mortgage Services*, 219 Cal. App. 4th 1052, 1062 (2013); *Pfeifer v. Countrywide Home Loans, Inc.,* 211 Cal. App. 4th 1250, 1280-81 (2012).  Therefore, it DENIES, IN PART, Defendants' motion to dismiss on this basis.

[3] Plaintiff has argued, both in support of her motion for a temporary restraining order, and in opposition to the motion to dismiss, that the Court should follow *Glaski*.  Accordingly, the Court accepts the allegation that the ALRP 2014-2 Trust was formed under New York law as true for purposes of resolving this motion.  It has considered Plaintiff's arguments at the hearing to determine whether Plaintiff should be granted leave to amend to allege that the ALRP 2014-2 Trust is governed by some other state law.

5

1    In *Glaski*, the court held that "a borrower can challenge an assignment of his or her note
2 and deed of trust if the defect asserted would *void* the assignment." *Glaski*, 218 Cal. App. 4th at
3 1095 (emphasis in original). In *Yvanova*, the California Supreme Court followed *Glaski* on the
4 limited issue of "whether a wrongful foreclosure plaintiff may challenge an assignment to the
5 foreclosing entity as void[,]" *i.e.* whether the borrower had "standing" to assert such a claim.
6 *Yvanova*, 62 Cal. 4th at 935; *see also id.* at 935-41. In this case, Plaintiff seeks to prevent the
7 foreclosure, which places this case in a different procedural posture than *Yvanova* and *Glaski*.
8 Some California courts have not "allow[ed] such preemptive suits" and have reasoned that it
9 'would result in the impermissible interjection of the courts into a nonjudicial scheme enacted by
10 the California Legislature." *Saterbak v. JPMorgan Chase Bank, N.A.*, 245 Cal. App. 4th 808, 814
11 (2016) (quoting *Jenkins v. JP Morgan Chase Bank, N.A.,* 216 Cal. App. 4th 497, 513 (2013),
12 *disapproved of on other grounds by Yvanova*, 64 Cal. 4th at 939 n.13).

13    Indeed, in *Yvanova,* the California Supreme Court stated that its "ruling … is a narrow one.
14 We hold only that a borrower who has suffered a nonjudicial foreclosure does not lack standing to
15 sue for wrongful foreclosure merely because he or she was in default on the loan and was not a
16 party to the challenged assignment." 62 Cal. 4th at 924. The *Yvanova* court did not "address the
17 distinct question of whether, or under what circumstances, a borrower may bring an action for
18 injunctive or declaratory relief to prevent a foreclosure sale from going forward." *Id.* at 934-35.

19    Two of this Court's colleagues recently predicted that the California Supreme Court would
20 be likely to limit a bar on pre-foreclosure suits only to plaintiffs who lack a specific factual basis
21 for asserting that the foreclosing party lacks authority to do so. *See Powell v. Wells Fargo Home*
22 Mortgage, No. 14-cv-04248-MEJ, 2016 WL 1718189, at *8 (N.D. Cal. Apr. 29, 2016); *Lundy v.*
23 *Selene Finance, L.P.*, No. 15-cv-05676-JST, 2016 WL 1059423, at *13 (N.D. Cal. Mar. 17,
24 2016)). In the *Powell* case, the court found "Judge Tigar's analysis of this issue and ultimate
25 conclusion well-reasoned[.]" *Powell*, 2016 WL 1718189, at *8. The Court will not repeat Judge

Tigar's lengthy analysis of the issue, but it too finds it well-reasoned and persuasive.[4] Therefore, for the reasons articulated in *Lundy*, the Court rejects Defendants' argument that a plaintiff does not have standing to assert a claim for wrongful foreclosure based on alleged defects in the assignment, simply because the trustee's sale has not yet occurred.

As Judge Tigar stated, to impose a bar on such claims "even if a plaintiff offers plausible support for the claim that the entity foreclosing on her property lacks authority to do so," would lead to a situation where a plaintiff must "sit by idly until an allegedly improper foreclosure sale was completed before bringing her otherwise valid challenge in court." *Lundy*, 2016 WL 1059423, at *13. Rather, the Court will examine whether Plaintiff has alleged a specific factual basis from which the Court could find the assignment to the ALRP 2014-2 Trust was void, such that it lacked the authority to foreclose. The Court begins with the allegedly late assignment, and it discusses her subsidiary theories in the following sections.

Plaintiff contends that that the assignment to the ARLP 2014-2 Trust is void, because it was made after the closing date set forth in the PSA. Plaintiff again relies on *Glaski*, in which the court concluded that an attempt to transfer a loan after the trust's closing date would be a void transaction under New York law. *Id.* at 1096-97 (citing, *inter alia*, *Wells Fargo Bank, N.A. v. Erobobo*, 39 Misc. 3d 1220(A), 2013 WL 1831799, slip. op. p. 8 (April 29, 2013)). The California Supreme Court has not weighed in on this issue.[5] However, in *Saterbak*, *supra*, the court found that an assignment to a securitized trust that is made after the closing date is "merely voidable." *Saterbak*, 245 Cal. App. 4th at 815. In rejecting the *Glaski* court's opinion on this issue, the *Saterbak* court noted that the *Erobobo* case, on which the *Glaski* court relied had been

---

[4] The California Supreme Court also granted review in two cases which address pre-foreclosure challenges to alleged deficiencies in an assignment of the deed of trust and stayed briefing pending its ruling in *Yvanova*. *See Mendoza v. JPMorgan Chase Bank*, 337 P.3d 493 (Cal. 2014); *Keshtgar v. U.S. Bank*, 334 P.3d 686 (Cal. 2014). On April 27, 2016, the California Supreme Court transferred the *Mendoza* and *Keshtgar* cases to the Courts of Appeal and directed those courts to vacate and reconsider their decisions in light of *Yvanova*. *See Mendoza v. JPMorgan Chase Bank*, 368 P.3d 921 (Cal. 2016); *Keshtgar v. U.S. Bank,* 368 P.3d 921 (Cal. 2016).

[5] The *Yvanova* court expressly stated that it expressed no opinion on that issue. *Id.* at 940-41.

7

overturned. *Id.* at 815 n.5.

The Second Circuit also criticized the *Erobobo* case, and it stated that the "weight of New York authority is contrary to plaintiff's contention that any failure to comply with the terms of the PSAs rendered defendant's acquisition of plaintiffs' loans and mortgages void as a matter of trust law." *Rajamin v. Deutsche Bank Nat. Trust Co.*, 757 F.3d 79, 88 (2nd Cir. 2014). The Ninth Circuit recently followed *Rajamin* and held that "an act in violation of a trust agreement is voidable – not void – under New York law[.]." *Morgan v. Aurora Loan Services, LLC*, -- Fed. Appx. --, 2016 WL 1179733, at *2 (9th Cir. Mar. 28, 2016) (citing *Rajamin*, 757 F.3d at 87-90). In light of the Ninth Circuit's opinion in *Morgan*, the Court concludes that Plaintiff fails to state a claim based on the allegedly late assignment. *Cf. Hills v. Mortgage Electronic Registration System, Inc.*, No. 15-cv-05108-EMC, 2016 WL 454093, at *6 (N.D. Cal. Feb. 5, 2016) (noting general rule that there is no preemptive right to determine standing to foreclose, and finding plaintiff did not allege a specific factual basis to avoid that rule, where plaintiff alleged assignment was made after closing date of trust, because plaintiff only alleged a "technical" defect and did not allege facts demonstrating that "the foreclosing party was not the real owner of the note").

The Court has considered Plaintiff's responses to the Court's questions and her argument at the hearing. It also has considered her request for judicial notice, filed on June 2, 2016, to determine whether it should grant leave to amend. The Court concludes that Plaintiff could not amend this aspect of her wrongful foreclosure claim without contradicting earlier allegations or running afoul of her obligations under Federal Rule of Civil Procedure Rule 11.

Accordingly, the Court grants, in part, Defendants' motion to dismiss on this basis, and it finds it would be futile to grant Plaintiff leave to amend.

### b. Robo-Signing.

Plaintiff also alleges that the ARLP 2014-2 Trust lacked authority to foreclose, because Mr. Kamyabi was a robo-signer who lacked legal authority to make the assignment of the Deed of Trust, because he was not an agent of MERS. (Compl. ¶ 17.) Although there are no facts in the Complaint to support that allegation, Plaintiff relies on the Property Report, which includes a document that suggests that Mr. Kamyabi worked for BAC, not MERS. However, that document

also does not contain any facts to support its assertions. The Court finds that these allegations are too conclusory to support a theory that Mr. Kamyabi was a robo-signer.[6]

Even if the allegations were sufficient, the Court would still dismiss the claim. Prior to the California Supreme Court's ruling in *Yvanova*, courts consistently found that a plaintiff lacks standing to contest the assignment based on allegations of robo-signing. *See, e.g., Pratap v. Wells Fargo Bank, N.A.*, 63 F. Supp. 3d 1101, 1109 (N.D. Cal. 2014); *Maynard v. Wells Fargo Bank, N.A.*, No. 12-cv-1435-AJB, 2013 WL 4883202, at *9 (S.D. Cal. Sept. 11, 2013); *Carollo v. Vericrest Financial, Inc.*, No. 11-cv-4767-YGR, 2012 WL 4343816, at *3 (N.D. Cal. Sept. 21, 2012). To the extent those cases have been undermined by *Yvanova* on the issue of standing, the alleged defect would only render the assignment voidable, rather than void. *See Pratap*, 63 F. Supp. 3d at 1109.

Accordingly, the Court grants, in part, Defendants' motion to dismiss on this basis. In addition, the Court concludes that it would be futile to grant Plaintiff leave to amend to the extent the wrongful foreclosure claim is premised on the allegations of robo-signing.

### c. Improper Substitution of Trustee.

Plaintiff also supports her claim for wrongful foreclosure on the theory that Western Progressive had not been substituted in as Trustee at the time it recorded the Notice of Default in October 2015. (Compl. ¶¶ 24-25.) In opposition to the motion for a temporary restraining order, Defendants submitted a Substitution of Trustee. Defendants requested, and were granted leave to incorporate the document and argument on its effect into the motion to dismiss. (Docket No. 24, Motion to Dismiss at 1:16-22.) That document shows Western Progressive was substituted as Trustee on April 16, 2015. The document was recorded on June 12, 2015, well before the Notice of Default was recorded. (Docket No. 15-1.)[7]

---

[6] To the extent Plaintiff seeks to allege a violation of California's Homeowners Bill of Rights ("HBOR"), which includes provisions that prohibit the practice of robo-signing, HBOR's provisions did not go into effect until January 1, 2013. *See* Cal. Civ. Code § 2924.17. Courts have found that the statute does not apply retroactively. *See, e.g., Powell*, 2016 WL 1718189, at *9. Thus, any attempt to amend to include such a claim would be futile.

[7] Defendants ask the Court to take judicial notice of that document. That request is GRANTED.

1    Accordingly, the Court grants, in part, Defendant's motion to dismiss on this basis.  In
2 addition, the Court finds that it would be futile to grant Plaintiff leave to amend the wrongful
3 foreclosure claim to the extent it is premised on these allegations.

### d. Gap in Chain of Title.

Plaintiff also premises her claims for wrongful foreclosure on the theory that there is a gap in the chain of title because there was never an assignment from the ALRP Trust 3 to the ARLP Trust 4.  (*See* Compl. ¶¶ 15-22.)  Plaintiff has attached a number of documents to her Complaint.  Those documents include a letter from Ocwen to Plaintiff which states that a corrective assignment of the Deed of Trust was executed whereby BofA transferred its interest in the Deed of Trust to Christiana Trust as trustee of ALRP Trust 4.  (*Id.* ¶ 23, Ex. H at ECF pp 37-39.)  In addition, the Property Report also makes reference to an assignment to ALRP Trust 4.  (Property Report at p. 35.)  These documents, contradict Plaintiff's allegations that there is a gap in the chain of title.

Accordingly, the Court grants, in part, Defendant's motion to dismiss the wrongful foreclosure claim to the extent it is based on the allegations of a gap in the chain of title.  In addition, the Court finds that it would be futile to grant Plaintiff leave to amend the wrongful foreclosure claim to the extent it is premised on these allegations.

### 2. Slander of Title.

In order to state a claim for slander of title, Plaintiff must allege: "(1) a publication, (2) which is without privilege or justification, (3) which is false, and (4) which causes direct and immediate pecuniary loss."  *Manhattan Loft, LLC v. Mercury Liquors, Inc.*, 173 Cal. App. 4th 1040, 1051 (2009).  Plaintiff bases this claim on the same allegations and theories that support her claim for wrongful foreclosure.  For each of the reasons set forth above, and assuming for the sake of argument, that Plaintiff set forth sufficient facts to show that Mr. Kamyabi was a "robo-signer," the Court dismisses the slander of title claim.

In addition, the Court concludes that Plaintiff has failed to allege facts to satisfy the second

element of the claim.  A publication is privileged when it is made "[i]n a communication, without malice, to a person interested therein … by one who is also interested."  Cal. Civ. Code § 47(c)(1).  Non-judicial foreclosure documents fall within the scope of this privilege.  *See* Cal. Civ. Code § 2924(d); *see also Ogilvie v. Select Portfolio Serv'g*, No. 12-cv-01654-DMR, 2012 WL 3010986, at *3 (N.D. Cal. July 23, 2012) (collecting cases).  Plaintiff concedes that point in her opposition to the motion to dismiss, but she contends that she has sufficiently alleged that Defendants acted in reckless disregard of the truth.   The Court disagrees.  Plaintiff has done no more than parrot the statutory language defining the term malice.  This is no more than a bare legal conclusion, couched as fact, and is insufficient under *Twombly* to state a claim.  *Cf. Simmons*, 2016 WL 192517, at *7 (concluding plaintiff's allegations of malice were conclusory).

Accordingly, the Court concludes that Plaintiff has not stated a claim for slander of title.  For the reasons articulated in connection with the wrongful foreclosure claim, the Court also concludes that that it would be futile to grant Plaintiff leave to amend this claim.

### 3. The RESPA Claim.

In order to state a claim under RESPA, a plaintiff must allege facts showing a defendant violated a provision of RESPA and that the plaintiff suffered "actual damages . . . as a result" of the defendant's failure to comply with that provision.[8]  12 U.S.C. § 2605(f); *see also Rosenfeld v. JPMorgan Chase Bank*, 732 F. Supp. 2d 952, 967 (N.D. Cal. 2010).  Plaintiff's RESPA claim is not a model of clarity.  For example, Plaintiff seems to premise this claim on the fact that the assignment of her loan was made after the closing date of the ALRP 2014-2 Trust.  (Compl. ¶¶ 65-66; Opp. Br. at 18:3-6.)  To the extent this claim is premised on that theory, the Court dismisses it for the same reasons it has dismissed the wrongful foreclosure and slander of title claims.

Plaintiff also refers to responses to "qualified written requests."  (Compl. ¶ 67.)  However, those responses are alleged to have been provided by an entity that is not a defendant, and Plaintiff

---

[8]   Although Section 2605(f) "does not explicitly set this out as a pleading standard, a number of courts have read the statute as requiring a showing of pecuniary damages in order to state a claim," and they have construed that requirement liberally.  *Allen v. United Fin. Mortgage Corp.*, 660 F. Supp. 2d 1089, 1097 (N.D. Cal. 2009); *see also Lal v. American Home Servicing, Inc.*, 680 F. Supp. 2d 1218, 1223 (E.D. Cal. 2010).

has not alleged that she has made a qualified written request to one of the existing defendants. Plaintiff does allege that, when Ocwen took over servicing her loan in 2012, it failed to timely notify her of that fact.[9]  (Compl. ¶¶ 23, 69.)  However, the statute of limitations for a RESPA claim is three years, and Plaintiff has not alleged that the statute of limitations is subject to tolling. 12 U.S.C. § 2614.  The Court concludes Plaintiff fails to allege facts to state claim for alleged violations of RESPA.

Accordingly, the Court grants, in part, Defendant's motion to dismiss.  At the hearing on the motion to dismiss, Plaintiff stated that she does not intend to pursue the RESPA claim. Accordingly, the Court dismisses that claim without leave to amend.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss, without leave to amend.  In light of this ruling, the Court DENIES, AS MOOT, Plaintiff's motion for a temporary restraining order.  The Court shall issue a separate judgment, and the Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: June 3, 2016

_____
JEFFREY S. WHITE
United States District Judge

---

[9]  *See* 12 U.S.C. § 2605(c)(1)-(2).